*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FREDERIC TEL STRINGER,

        Defendant-Appellant.

UNPUBLISHED
July 22, 2021

No. 352112
Monroe Circuit Court
LC No. 19-245304-FH

Before: TUKEL, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Defendant Frederic Tel Stringer appeals his bench-trial conviction for domestic violence, second offense, MCL 750.81a(3). Stringer was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 36 to 240 months' imprisonment. We affirm.

## I. BACKGROUND

On June 26, 2019, Stringer assaulted the victim, who was his girlfriend at the time. Specifically, Stringer punched the victim in the face, causing a cut above her left eyebrow that required medical attention. Stringer was charged with domestic violence, second offense, and his amended information reflected that he was being charged as a fourth-offense habitual offender. After the preliminary examination, the prosecutor made a plea offer of 12 months in jail in exchange for Stringer pleading guilty. Stringer rejected the plea offer, and the matter proceeded to trial. Stringer was convicted as charged. At the sentencing hearing, Stringer indicated that he never received notice that he would be subjected to a fourth-offense habitual offender enhancement if he went to trial because his attorney did not discuss it with him. The trial court indicated that it did not believe Stringer and proceeded to sentencing.

Stringer filed a motion to vacate his conviction and for specific performance of the plea offer. The prosecutor opposed the motion. After holding oral argument, the trial court denied the motion, concluding that (1) Stringer had been arraigned with a correct copy of the information, (2) Stringer had been charged as a fourth-offense habitual offender in the past, (3) Stringer acknowledged that he understood the sentencing enhancement, and (4) Stringer maintained his innocence throughout trial. This appeal followed.

-1-

## II. ANALYSIS

Stringer argues that trial counsel's performance was deficient because counsel did not adequately explain Stringer's sentencing exposure as a fourth-offense habitual offender, leading Stringer to reject the plea offer of 12 months in jail, which was more favorable than his sentence after trial. We disagree.

"Whether the defendant received the effective assistance of counsel guaranteed him under the United States and Michigan Constitutions is a mixed question of fact and law." *People v Douglas*, 496 Mich 557, 566; 852 NW2d 587 (2014). "This Court reviews for clear error a trial court's findings of fact and reviews de novo questions of constitutional law. This Court defers to the trial court's superior position to evaluate the credibility of witnesses who testified before it." *People v White*, 331 Mich App 144, 150; 951 NW2d 106 (2020).

The Sixth Amendment of the United States Constitution guarantees that criminal defendants receive effective assistance of counsel. *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed2d 674 (1984). To demonstrate ineffective assistance of counsel,

> a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and, (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [*People v Abcumby-Blair*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347369); slip op at 8, lv pending (quotation marks and citations omitted).]

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012). When a defendant claims that he or she would have accepted a plea offer and not gone to trial but for the ineffective assistance of counsel,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Id*. at 164.]

We conclude that counsel's performance did not fall below an objective standard of reasonableness. Trial counsel received a copy of the amended information, which contained a fourth-habitual offender enhancement, at the arraignment. Although counsel averred that he did "not have a specific memory of sharing the amended information with Mr. Stringer," counsel further averred that it was his "practice to share the information along with any amendments to it" when he met with clients following arraignment. It was also trial counsel's practice to discuss possible penalties with clients. Although Stringer indicated that he did not know that he was subject to a sentence enhancement, the trial court indicated at sentencing that the court did not

believe Stringer. In so indicating, the trial court noted that it was at least the third time that Stringer had been charged as a fourth-offense habitual offender, which the court opined made it unlikely that Stringer did not understand that the statute applied. Because this Court defers to the trial court's credibility determinations, *White*, 331 Mich App at 150, we conclude that the trial court did not clearly err by finding that trial counsel met his professional obligation by advising Stringer of his maximum possible penalty should he go to trial.

Additionally, Stringer cannot establish the prejudice prong of his ineffective assistance of counsel claim because the record does not support that the trial court would have accepted the plea. See *Lafler*, 566 US at 164. Indeed, as noted by the trial court, Stringer maintained his innocence throughout the pretrial proceedings and during trial. Furthermore, even if Stringer was inclined to take a plea offer despite the fact that he maintained his innocence in the proceedings leading up to trial, Stringer would have had to testify to the factual basis of a guilty plea. Because of Stringer's insistence on his innocence, the trial court likely would not have been able to properly establish a factual basis for a plea. See *White*, 331 Mich App at 154-155. Additionally, had Stringer given false testimony during the plea proceeding, it would have amounted to perjury. See *id*. at 153. Because Stringer has failed to establish either prong of the *Strickland* test, his argument on appeal fails.

Finally, Stringer alternatively requests that this Court remand this matter for a *Ginther*[1] hearing. Because Stringer has not set forth any facts that would require development of a record to determine if trial counsel was ineffective, we deny Stringer's request. MCR 7.211(C)(1)(a).

Affirmed.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Thomas C. Cameron

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).